# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILMER R.R., <br><br> Petitioner, <br><br> v. <br><br> GUY CIRILLO, et al., <br><br> Respondents. | Civil Action No. 21-5436 (MCA) <br><br><br> MEMORANDUM OPINION <br> & ORDER |

This matter having come before the Court upon Petitioner's fully briefed Petition for a writ of habeas corpus and recently filed Emergency Motion for a Temporary Restraining Order ("TRO") to enjoin Petitioner's transfer from ECCF. ECF Nos. 1, 11. For the reasons set forth below, the Court GRANTS Petitioner's underlying habeas petition, and will direct Respondents to provide Petitioner with an individualized bond hearing before an Immigration Judge ("IJ") within 7 days. The Court's Order temporarily enjoining Petitioner's transfer, ECF No. 13, shall stay in effect until the briefing of the TRO motion is complete and until further order of the Court.

Petitioner Wilmer R.R. is a native and citizen of the Dominican Republic. Petitioner was detained by Immigration and Customs Enforcement ("ICE") on February 27, 2020, and has been detained since then under the mandatory detention provisions of 8 U.S.C. § 1226(c). Petitioner is subject to mandatory detention under § 1226(c) due to a July 25, 2015 conviction for possession of heroin in violation of N.J.S.A. 2C:35-10A(1) and October 21, 2016 conviction for Resisting Arrest, Eluding – After Instruction under N.J.S.A. 2C:29- 2B. On August 20, 2020, Petitioner was ordered removed from the United States by an immigration judge. Petitioner filed

1

an appeal of that decision with the Board of Immigration Appeals ("BIA"). On May 18, 2021, the BIA denied Petitioner's appeal in part and remanded the matter to the IJ for further proceedings. To date, Petitioner has been detained for over sixteen months without an individualized bond hearing before an IJ to determine whether he is a danger to the community or flight risk.

Under 28 U.S.C. § 2241, a district court may exercise jurisdiction over a habeas petition when the petitioner is in custody and alleges that his custody violates the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2241(c); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). A petitioner may seek § 2241 relief only in the district in which he is in custody. *United States v. Figueroa*, 349 F. App'x 727, 730 (3d Cir. 2009). This Court has jurisdiction over Petitioner's claim as he is detained within this District and asserts that his prolonged detention violates the Due Process Clause of the Fifth Amendment.

Petitioner's claim of prolonged detention is governed by the Third Circuit's decision in *German Santos v. Warden Pike County Correctional Facility*, 965 F.3d 203, 210–11 (3d Cir. 2020). There, the Third Circuit clarified that its due process analysis in *Chavez-Alvarez v. Warden York Cty. Prison*, 783 F.3d 469 (3d Cir. 2015) and *Diop v. ICE/Homeland Sec.*, 656 F.3d 221 (3d Cir. 2011), survives the Supreme Court's 2018 decision in *Jennings v. Rodriguez*, 138 S. Ct. 830 (2018).[1] *See German Santos*, 965 F.3d at 210 (explaining that *Jennings* "did not touch

---

[1] In *Jennings v. Rodriguez*, the Supreme Court reversed the Ninth Circuit's holding that three detention provisions of the INA—8 U.S.C. §§ 1225(b), 1226(a), and 1226(c)—did not authorize prolonged detention without a bond hearing. Applying the canon of constitutional avoidance, the Ninth Circuit had construed these three provisions to require an automatic bond hearing before the immigration judge ("IJ") at six months of detention. *See Rodriguez v. Robbins*, 804 F.3d 1060, 1078-85 (9th Cir. 2015). The Court rejected the lower court's "implausible constructions" of the three detention statutes, and remanded for the Ninth Circuit to decide in the first instance whether due process requires a bond hearing with the burden on the government when detention under the three provisions becomes prolonged. *Id.* at 842-47, 851.

the constitutional analysis that led *Diop* and *Chavez-Alvarez* to their reading"); *see also Borbot v. Warden Hudson County Correctional Facility*, 906 F.3d 274, 278 (3d Cir. 2018) ("Jennings did not call into question our constitutional holding in Diop that detention under § 1226(c) may violate due process if unreasonably long."). Thus, the constitutional analysis in *Diop* and *Chavez Alvarez* is still good law, and those cases govern as-applied challenges under § 1226(c). *See id.*

Under Third Circuit law, "when detention becomes unreasonable, the Due Process Clause demands a hearing." *Id.* at 211 (quoting *Diop*, 656 F.3d at 233); *accord Chavez-Alvarez*, 783 F.3d at 474–75. Reasonableness is a "highly fact-specific" inquiry. *Id.* (citing *Chavez-Alvarez*, 783 F.3d at 474). "Together, *Diop* and *Chavez-Alvarez* give [courts] a nonexhaustive list of four factors to consider in assessing whether an alien's detention has grown unreasonable." *Id.*

"The most important factor is the duration of detention. *German Santos*, 965 F.3d at 211 (citing *Chavez-Alvarez*, 783 F.3d at 475–78; *Diop*, 656 F.3d at 233–34). In *Diop*, the Third Circuit explained that detention "becomes more and more suspect" after five months, 656 F.3d at 234, and held that the two-year-and-eleven-month detention of an alien who had been granted withholding of removal was unreasonable. *Id.* at 233–34. In *Chavez Alvarez*, the Court held that a lawful permanent resident's detention became unreasonable sometime between six months and one year. 783 F.3d at 478. There is no bright line threshold for reasonable duration, however. *See German Santos*, 965 F.3d at 211. Instead, courts should consider "whether the detention is likely to continue", the reasons for the delay, and "whether the alien's conditions of confinement are "meaningfully different[ ] from criminal punishment." *Id.* (citing *Chavez-Alvarez*, 783 F.3d at 477-78).

After reiterating the standard, the Third Circuit turned to German Santos's detention and determined that, "[g]iven its length, likelihood of continuing, and conditions, [the detention had]

3

become unreasonable. *Id.* at 212. As explained by the court, German Santos's detention of two and one-half years weighed strongly in his favor because it was longer than the detention held unreasonable in *Chavez Alvarez* and approaching the length of detention in *Diop*. *See id.* It was also very likely that German Santos's detention would continue, as his appeal before the BIA was still pending, and he could thereafter seek review of the BIA's decision by the court of appeals. *See id.* Because there was no evidence of bad faith by the government or by German Santos, "this factor [did] not favor either side." *Id.* Finally, the Court noted that German Santos was detained "alongside convicted criminals since late 2017" and "[d]espite its civil label, his detention is indistinguishable from criminal punishment." *Id.* at 212-13.

Here, Petitioner in this matter has been detained without bond for more than 16 months, longer than the six-to-twelve-month period considered suspect in *Chavez Alvarez*. Although Petitioner has been detained for less time than the Petitioners in *Diop* and *German Santos*, the length of detention still strongly weighs in Petitioner's favor. Moreover, Petitioner's case was recently remanded in part to the IJ; as such, Petitioner's detention is likely to continue for some time, as the IJ's decision can be appealed to the BIA, and Petitioner can thereafter seek review of the BIA's decision by the court of appeals. There is no indication of bad faith or undue delays on the part of Petitioner or the government, and the conditions of confinement at ECCF are not meaningfully distinguishable from criminal punishment, particularly in light of the ongoing COVID-19 pandemic and Petitioner's medical issues. Having weighed the relevant factors, the Court finds that Petitioner's more than 16-month detention is unreasonable and will grant the habeas petition on this basis and direct an Immigration Judge to provide Petitioner with an individualized bond hearing within 7 days.

At that hearing, the Government bears the burden of proof to justify detention by clear and convincing evidence. *See German Santos*, 965 F.3d at 213 ("We have already held that the Government bears the burden of proof. That burden, we now hold, is to justify detention by clear and convincing evidence."). The parties shall notify the Court as to the outcome of Petitioner's bond hearing within 7 days thereafter.

On June 28, 2021, Petitioner's counsel also filed an Emergency Motion for a TRO seeking to enjoin Petitioner's transfer from ECCF while the instant habeas case is pending due to Petitioner's specific medical vulnerabilities and need for social and legal services, which are outlined in Petitioner's papers filed under temporary seal. To maintain the status quo pending the Court's decision and to assess jurisdiction, the Court entered a temporary stay on June 28, 2021, which temporarily enjoined Petitioner's transfer out of state and directed Respondents to respond to the TRO motion within 3 days.[2]

On July 1, 2021, Respondents wrote to advise the Court that Petitioner was scheduled to be transferred out of state, but the transfer did not take place due to the Court's Order temporarily enjoining transfer. Respondents oppose Petitioner's motion for a TRO but seek additional time to brief the matter in light of Petitioner's recently filed memorandum of law and the hearing scheduled in Civil Action No. 21-13117, captioned Juan R. v. U.S. Department of Homeland Security.[3] The Court granted Respondents' request for an extension of time and permitted the government to file its response by July 15, 2021. The Court's Order dated June 28,

---

[2] The Court's Order does not preclude Respondents from transferring Petitioner to a different facility within the state of New Jersey, i.e., within the District of New Jersey.

[3] This matter was filed by detainees at ECCF who are challenging their transfers from ECCF and are seeking to proceed as a class.

2021, which temporarily enjoins Petitioner's transfer out of state, shall stay in effect until the TRO briefing is complete and until further order of the Court.

**IT IS** on this 13th day of July, 2021,

**ORDERED** that the underlying Petition for a writ of habeas corpus is **GRANTED** as to Petitioner's request for an individualized bond hearing in light of his prolonged detention; at that hearing, the Government shall bear the burden of proof by clear and convincing evidence, *see German Santos*, 965 F.3d at 213 ("We have already held that the Government bears the burden of proof. That burden, we now hold, is to justify detention by clear and convincing evidence."); and it is further

**ORDERED** that an immigration judge shall provide an individualized bond hearing to Petitioner within 7 days of the date of this Order; and it is further

**ORDERED** that the government shall report the outcome of the bond hearing within 7 days thereafter; and it is further

**ORDERED** that the Court's Order dated June 28, 2021, ECF No. 13, which temporarily enjoins Petitioner's transfer out of state, shall stay in effect until the briefing on Petitioner's TRO motion is complete and until further order of the Court.[4]

                                     */s Madeline Cox Arleo*
                                     **Hon. Madeline Cox Arleo**
                                     **UNITED STATES DISTRICT JUDGE**

---

[4] To the extent Petitioner is granted bond, the parties shall notify the Court as to whether they consent to the dismissal of the TRO motion as moot and the closure of this matter.